UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                     Plaintiff,

       -against-

VILLAGE OF PELHAM, New York, and
RICHARD SLINGERLAND, individually,

                    Defendants.

------------------------------------------------------x

07 Civ.    (    )

**COMPLAINT**

**Jury Trial Demanded**

**07 CIV. 3813**

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP,

for its complaint respectfully states:

## NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, as well as related

declaratory and injunctive relief, proximately resulting from Defendants' regulatory ban

on the placement of newsracks on public property for the purpose of distributing free-of-

charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights

as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C.

§1983.

## JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE OF PELHAM, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Defendant RICHARD SLINGERLAND (hereinafter "Slingerland"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Administrator for the Village. The Village adopted as Local Law No. 7 of 2006 Section 82-6, concerning the "Duty to keep sidewalks clean and clear of litter and obstacles". In pertinent respect it provides:

> "C. In the business and office districts no boxes, goods, wares or merchandise shall be left on any sidewalk or walkway, except for the purpose of loading or unloading the same, in which event such boxes, goods, wares or merchandise shall not remain on any sidewalk or walkway for more than 15 minutes."

2

In correspondence dated April 12, 2007, a copy of which is annexed hereto and incorporated herein, the Village Administrator acting in his official capacity provided the following administrative interpretation of Section 82-6(C):

> "Use and/or installation of newsracks on Village property such as parks and buildings does not currently occur, and cannot occur without Village authorization."

### AS AND FOR A FIRST CLAIM
### AGAINST THE VILLAGE AND
### SLINGERLAND

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Section 82-6(C), as officially interpreted by the Defendant's Village Administrator, completely bans the placement of newsracks on public property within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM
### AGAINST THE VILLAGE AND
### SLINGERLAND

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Since Defendant's requirement of "Village authorization" as a pre-condition to the placement of newsracks on the public property of the Village vests the Village and/or its officials with unbridled power to discriminate based on the content or viewpoint of

3

Plaintiff's First Amendment protected speech, its code provision violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST THE VILLAGE AND
## SLINGERLAND

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Since the Village's interpretation of Section 82-6(C) vests in the Village Board of Trustees unbridled power to decide without benefit of any standards and/or objective standards whether or not to permit a newsrack to be placed on public property within the Village, it violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM
## AGAINST THE VILLAGE

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

12. Section 82-6(C) on its face constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM
## AGAINST THE VILLAGE AND
## SLINGERLAND

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

14. The Defendant's requirement of "Village authorization" as a pre-condition to the placement of newsracks on the public property of the Village - - without any established objective time/place/manner limitations - - constitutes an impermissible prior restraint violative of Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

**AS AND FOR A SIXTH CLAIM
AGAINST THE VILLAGE AND
SLINGERLAND**

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

16. Under the premises Section 82-6 (C) and/or the Administrator's official interpretation of it have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Declaring Section 82-6 (C) of the Village Code violative of Plaintiff's First Amendment rights,

    b. Declaring the Village Administrator's official interpretation of Section 82-6(C) to be violative of Plaintiff's First Amendment rights,

    c. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

    d. Permanently enjoining Defendant from enforcing as against Plaintiff Section 82-6(C) of its code,

e.  Awarding as against both Defendants such compensatory damages as

the jury may determine and awarding such punitive damages as against

Slingerland as the jury may impose,

f.  Awarding reasonable attorney's fees and costs, and,

g.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
        May 14, 2007

                                    LOVETT & GOULD, LLP
                                    By:_____
                                            Jonathan Lovett (4854)
                                    Attorneys for Plaintiff
                                    222 Bloomingdale Road
                                    White Plains, N.Y. 10605
                                    914-428-8401



**Edward Hotchkiss**
Mayor

**Richard Slingerland**
Administrator

Westchester County
New York



RECEIVED
APR 1 6 2007
By

April 12, 2007

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, NY 10605

Re:    Local Laws that apply to placement of newsracks in public areas

Dear Mr. Lovett:

This is the response to your request under the Freedom of Information Law dated April 5, 2007, received in this office on April 9, 2007.

Enclosed please find Sections of the Village Code and Local Law 7 of 2006, which apply to sidewalks, and maintaining them free and clear of obstacles.

Use and/or installation of newsracks on Village property such as parks and buildings does not currently occur, and cannot occur without Village authorization.

Since we are faxing these to you, there is no charge under the Freedom of Information Law.

Please let me know if you have any further questions about your request.

Sincerely,

Richard Slingerland
Village Administrator

*-4 pages
-faxed
-no charge.
RCS

---

195 Sparks Avenue, Pelham, New York 10803    •    Telephone 914-738-2015    •    Facsimile 914-738-7381